**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEAH KATZ, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  -against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>      Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Leah Katz ("Plaintiff"), a New York resident, brings this action against Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"), both on an individual basis and on the behalf of all others similarly situated, pursuant to Fed. R. Civ. P. Rule 23, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

  1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson*, 516 F.3d at 91.

5. Under the least sophisticated consumer standard, a collection letter violates the FDCPA where the letter contains language that is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

6. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Brooklyn, New York.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Upon information and belief, Defendant's principal place of business is located in Norfolk, Virginia. Defendant is registered to do business in the State of New York, and may be served with process upon Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

(a) all individuals with addresses in the state of New York;

(b) to whom Defendant PRA sent a collection letter attempting to collect a consumer debt;

(c) that offered a "savings plan" and contained the following three clauses: (i) "Within approximately 30 days of your final payment successfully posting, we will request

that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."; (ii) "Your account will be considered paid-in-full after your final payment is successfully posted."; and (iii) "The savings will be applied to the full balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."; and

 (d) which letter was sent on or after a date one (1) year prior to the filing of this action.

16. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

 b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e.

 c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's

      common uniform course of conduct complained of herein.

    d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

19. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

20. Some time prior to May 21, 2019, an obligation was allegedly incurred to Capital One,

N.A. ("Capital One").

21. The Capital One obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged Capital One obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

23. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

24. On or about May 21, 2019, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

25. Plaintiff received the Letter and read it.

26. The Letter stated an outstanding balance of $19,637.33.

27. The Letter offered two options, side by side, regarding settling the outstanding balance: (i) either pay the full amount; or (ii) select a "savings plan" that would allow the consumer to pay a discounted amount to settle the balance.

28. Below the offer to pay the full balance on the left-hand side of the Letter, it states: "Your account will be considered paid-in-full after your final payment is successfully posted."

29. Below the offer to pay a discounted amount on the right-hand side of the Letter, it further states: "The savings will be applied to the full balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

30. The Letter thus draws a distinction between the status of "considered paid-in-full" and the status of "considered paid-in-full for less than the full balance."

31. Below both offers, the Letter states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

32. The statement that Defendant will request a deletion of their tradeline upon final payment is not qualified with additional language and is not made contingent upon whether the balance is paid-in-full or paid for less than the full balance.

33. Upon deletion of a tradeline, all information or reference to that account would no longer appear in *any form* on Plaintiff's credit report.

34. Therefore, if the tradeline is deleted, Defendant's offer to "consider" the account paid-in-full or paid-in-full for less than the full balance serves no benefit to Plaintiff where it otherwise purports to.

35. This is misleading and deceptive to the least sophisticated consumer because it proposes to offer an illusory benefit which does not exist; an account that is deleted after final payment cannot be considered paid-in-full or paid in full for less than the full balance by Defendant.

36. That the Letter distinguishes between "considered paid-in-full" and "considered paid-in-full for less than the full balance" is itself misleading, when in fact in either scenario the account would be deleted entirely upon final payment.

37. That the Letter distinguishes between "considered paid-in-full" and "considered paid-in-full for less than the full balance" is materially misleading, because it serves to incentivize Plaintiff to make payment in full in order to have his considered paid in full when either option would result in deletion of the tradeline altogether.

38. Plaintiff has been injured as a result of Defendant's false and misleading description concerning the result of payment-in-full as opposed to payment of less than the full balance.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section by making a false and misleading representation in violation of § 1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: May 19, 2020 | **COHEN & MIZRAHI LLP**<br><br>/s/ Joseph H. Mizrahi<br>JOSEPH H. MIZRAHI<br>JONATHAN B. WEISS (*Admission Pending*)<br>300 Cadman Plaza West, 12th Floor<br>Brooklyn, NY, 11201<br>Phone: 929-575-4175<br>Fax: 929-575-4195<br>Joseph@cml.legal<br>Jonathan@cml.legal<br><br>*Attorneys for Plaintiff* |